# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) Case No. 1:13-CR-126 |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| DIVNA MASLENJAK | ) JOINT SENTENCING |
| | ) MEMORANDUM |
| Defendant. | ) |
| | ) |

Plaintiff the United States of America ("Government") and Defendant Divna Maslenjak ("Maslenjak"), by and through counsel, respectfully submit this joint sentencing memorandum.

As a preliminary matter, we note that counsel for Mrs. Maslenjak and counsel for the United States have had a productive working relationship during the course of this final phase of this long-running litigation. As a result of both sides' recognition (1) that this eight-and-a-half year old case that has included proceedings before this Court (twice), the United States Court of Appeals for the Sixth Circuit (twice), and the United States Supreme Court should be finally concluded; and (2) that Mrs. Maslenjak — who lost her citizenship, was forced to leave her home in Ohio, and now resides in Serbia as a result of her now-vacated initial conviction — has already paid a steep price with respect to her conduct in this case, the parties have agreed to submit this joint sentencing memorandum with an agreed recommendation that Mrs. Maslenjak be sentenced to a two-year probationary term with credit granted for successfully completing a two-year probationary term in connection with her initial conviction in this case—a time-served sentence.

I.  BACKGROUND

   A.  History of Prior Proceedings

On April 17, 2014, Mrs. Maslenjak was convicted of one count of naturalization fraud in violation of 18 U.S.C. § 1425(a) and one count of misuse of evidence of naturalization in violation of 18 U.S.C. § 1423. Dkt. 33. On August 7, 2014 the Court sentenced Mrs. Maslenjak to probation for a term of two years as to each count, to be served concurrently. Dkt. 50. The Court also revoked Mrs. Maslenjak's citizenship and declared her certificate of naturalization cancelled, as required by law. Dkt. 49.[1] Mrs. Maslenjak surrendered her certificate of naturalization to the government the same day. *See* Dkt. 63, Sentencing Tr. at 39:9-23.

Mrs. Maslenjak timely appealed. Dkt. 51. The Sixth Circuit affirmed the judgment of the district court. *See United States v. Maslenjak*, 821 F.3d 675, 680 (6th Cir. 2016). The Supreme Court granted certiorari and reversed, and remanded the case to the Sixth Circuit for further review. *See Maslenjak v. United States* 137 S. Ct. 1918 (2017). On remand, the Sixth Circuit vacated Mrs. Maslenjak's convictions and remanded the case to this Court. *United States v. Maslenjak*, 943 F.3d 782, 789 (6th Cir. 2019).

Before Mrs. Maslenjak's convictions were reversed by the Supreme Court, Mrs. Maslenjak successfully completed her probation, and she was discharged from supervision

---

[1] Maslenjak's conviction under 18 U.S.C. § 1425 carried the mandatory consequence of denaturalization. *See* 8 U.S.C. § 1451(e) ("When a person shall be convicted under section 1425 of Title 18 of knowingly procuring naturalization in violation of law, the court in which such conviction is had shall thereupon revoke, set aside, and declare void the final order admitting such person to citizenship, and shall declare the certificate of naturalization of such person to be canceled."). As the Court recognized in prior proceedings, the statutory scheme left "the court no discretion, but rather mandates that [the Court] revoke, set aside and declare void the final order admitting Mrs. Maslenjak to citizenship in the United States, and to declare that the certification of naturalization is canceled." *See* Dkt. 63, Sentencing Tr. at 37:2-11.

effective August 6, 2016. *See* Aug. 12, 2016 Letter from U.S. Pretrial Services and Probation Office, Ex. A. Also before Mrs. Maslenjak's convictions were reversed by the Supreme Court, Mrs. Maslenjak was placed in immigration removal proceedings and received an Order of Removal. In September 2016, Mrs. Maslenjak departed the United States; she now resides in Novi Sad, Serbia.

### B. Current Proceedings

Mrs. Maslenjak's case was remanded to this Court for a new trial in November 2019. The trial date was extended multiple times due to the COVID-19 pandemic and to allow the parties to engage in plea discussions that were ultimately successful. On May 14, 2021, Mrs. Maslenjak pleaded guilty to a superseding indictment charging a single count of 18 U.S.C. § 1015(a), making a false statement under oath in a matter relating to naturalization or citizenship. The Court set sentencing for August 26, 2021.

## II. THE DEFENDANT'S HISTORY AND CHARACTERISTICS

### A. Background

Mrs. Maslenjak is a 58-year old woman who is married and has two adult children. Apart from the conduct in this case, she has led a law-abiding life. Mrs. Maslenjak first came to the United States in 2000 after being granted refugee status. Mrs. Maslenjak settled in the Akron area, where she raised her two children and worked as a cook at Milich's Village Inn in Barberton for nearly 16 years.

Mrs. Maslenjak left the United States as a result of the initial proceedings in this case. She now lives in Novi Sad, Serbia, where she suffers from high blood pressure. She is not currently employed and lives in a small apartment with her husband.

  B. **The Offense Conduct**

The Offense Conduct is described in the Pre-Sentence Investigation Report and in the Statement of the Offense accompanying Mrs. Maslenjak's plea agreement: when Mrs. Maslenjak applied for refugee status in 1998 to avoid ethnic persecution following the Bosnian War, she stated that her husband had not served in the military. In 2007, Mrs. Maslenjak made a false statement on a Form N-400 Application for Naturalization by answering "no" to question 23 which asked whether the applicant had knowingly "given false or misleading information to any U.S. government official while applying for any immigration benefit or to prevent deportation, exclusion, or removal," knowing full well that she had given false or misleading information about her husband's military status when applying for her refugee status.

  C. **Acceptance of Responsibility**

Mrs. Maslenjak regrets providing false information regarding her husband's military service when she applied for refugee status. She understands that the law prohibits making false statements under oath in matters relating to naturalization and citizenship and accepts responsibility for her actions.

**III.** **SENTENCING CALCULATIONS**

The United States Attorney and counsel for Mrs. Maslenjak agreed, *see* Plea Agreement ¶¶ 15, 16, that the Basic Guideline level is 8, and the Government has agreed to recommend a two (2) level reduction for acceptance of responsibility under United States Sentencing Guidelines (the "Guidelines" or "USSG") § 3E1.1(a). The United States Probation Office also calculated a Basic Guidelines level range of 8, with a two level decrease for acceptance of responsibility, resulting in a total offense level of 6. The United States Probation Office also determined a criminal history score of zero, which establishes a criminal history category of I.

Finally, the United States Probation Office determined that Mrs. Maslenjak is eligible for not less than one nor more than five years probation because the offense is a Class D Felony. 18 U.S.C. § 3561(c)(1).

## IV. CONSIDERATION OF 18 U.S.C. § 3553(A) SENTENCING FACTORS

Under Title 18, United States Code, Section 3553, the Court is required to impose a sentence that is "sufficient, but not greater than necessary" to provide just punishment for the offense; afford adequate deterrence; protect the public from further crimes of the defendant; and to provide the defendant with any needed correctional treatment. *See* 18 U.S.C. § 3553 (a)(2)(A)-(D). In fashioning an appropriate sentence, the Court must consider the familiar statutory factors, which, in addition to the purposes of criminal sentencing summarized above, include the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available; and the sentencing range called for by the United States Sentencing Guidelines, including whether there are grounds for departures. *See* 18 U.S.C. § 3553(a)(1).

The Guidelines calculation for Mrs. Maslenjak is not the subject of any controversy, and results in a sentencing range of 0 to 6 months of incarceration, with Mrs. Maslenjak being eligible for an alternative sentence of between 1 and 5 years of probation.

## V. THE PARTIES JOINT RECOMMENDATION AS TO SENTENCING

The parties submit that, in addition to the nature and circumstances of the offense, the history and characteristics of the Defendant, and the Guidelines range, as outlined above, the most relevant Section 3553(a) factor that the Court should consider is the need for the sentence to provide just punishment.

The parties respectfully submit that, in light of the fact that Mrs. Maslenjak has already suffered great consequences as a result of her actions, which arise from a false statement made

5

over 23 years ago, her advanced age, and the practical reality that Mrs. Maslenjak now lives in Serbia (and intends to live in Serbia for the remainder of her life), an appropriate and just sentence in this case is a two-year term of probation term with credit for her prior successful completion of a two-year term of probation, or a "time-served" sentence.

Respectfully submitted this 19th day of August 2021.

/s/ Yasmine T. Makridis
Yasmine T. Makridis
Office of the U.S. Attorney - Youngstown
Northern District of Ohio
325 City Centre One
100 East Federal Plaza
Youngstown, OH 44503
330-740-6992
Yasmine.Makridis@usdoj.gov

Counsel for the United States of America


/s/ Patrick T. Haney
Patrick T. Haney
Kirkland & Ellis LLP
1301 Pennsylvania Ave N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200
patrick.haney@kirkland.com

Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2021, a copy of the foregoing was electronically filed. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Patrick T. Haney
Patrick T. Haney (DC: 1005326)
Attorney for Defendant